UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____
DWAYNE FREEMAN

                 Plaintiff,        12-CV-6045

      v.                       **DECISION AND ORDER**

ROCHESTER PSYCHIATRIC CENTER,
BARBARA MACMULLEN, CHRIS KIRISITS,
SANDRA LUCAS, CYNTHIA CROWELL,
CHRISTINE HALLY, MICHAEL ZUBER,

                 Defendants,
_____

Plaintiff, Dwayne Freeman ("Freeman"), proceeding *pro se*, brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), alleging employment discrimination on the basis of his sex and race. At Plaintiff's request, on October 2, 2013, the Clerk of the Court issued an entry of default as to Chris Kirisits, Sandra Lucas and the Rochester Psychiatric Center, whose Answer to the Complaint was due Friday September 27, 2013, but who did not file an Answer until Monday, September 30, 2013. (Docket Nos. 17, 20, 22.) The defendants in default had filed their Answer in conjunction with the remaining defendants, whose Answer was due on Monday, September 30, 2013.

The defaulting defendants, the Rochester Psychiatric Center, Chris Kirisits and Sandra Lucas, now move to vacate the entry of default. Under Rule 55(c) of the Federal Rules of Civil Procedure, the Court can vacate an entry of default for "good cause." In determining whether a party has demonstrated good cause, the Court considers (1) whether the default was willful; (2) whether there is

a meritorious defense to the defaulted claims; and (3) prejudice to the non-defaulting party. Pecarsky v. Galaxiworld.com Ltd., 249 F.3d 167, 171 (2d Cir.2001). Further, "[s]trong public policy favors resolving disputes on the merits." Id. The Court has considered the circumstances of this case and finds that the default was not willful and has not caused prejudice to the Plaintiff, as the Answer was filed just one day after it was due and it was filed in conjunction with the remaining defendants, whose Answer was timely. As discussed below, the individual defendants have raised a meritorious defense to the defaulted claims. And, although the Rochester Psychiatric Center has not yet articulated a defense to the claims against it, as noted, the Court prefers to resolve disputes on their merits. Accordingly, the Court vacates the Clerk's entry of default against the Rochester Psychiatric Center, Chris Kirisits and Sandra Lucas.

The individual defendants also move to dismiss this lawsuit against them. Title VII does not provide for individual liability, therefore, the claims against the individuals defendants are dismissed with prejudice. See Patterson v. County of Oneida, N.Y., 375 F.3d 206 (2d Cir. 2004).

Plaintiff has also filed a "motion for miscellaneous relief." (Docket No. 24.) After reviewing the filing, it appears that Plaintiff is requesting to amend his complaint to assert a

procedural due process claim.[1] "Procedural due process imposes constraints on governmental decisions which deprive individuals of "liberty" or "property" interests within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendment." Mathews v. Eldridge, 424 U.S. 319, 332 (1976). Plaintiff has not identified any constitutionally protected liberty or property interest of which he was denied without due process of law. He appears to allege that Defendants violated his due process rights by failing to provide him with documents related to an investigation against him for sexual harassment after he sent requests pursuant to the Freedom of Information Law ("FOIL") to several people at the State of New York's Office of Mental Health. However, Courts in this Circuit have consistently held that a plaintiff does not have a property interest in obtaining FOIL documents. See e.g. Blunt v. Brown, 2010 WL 1945858 (E.D.N.Y. May 11, 2010)(citing cases); See also Davis v. Guarino, 52 Fed. Appx. 568 (2d Cir. 2002.)(finding that the failure to respond to FOIL requests did not amount to a violation of due process because New York state law provides an adequate post-deprivation remedy in the form of an Article 78 proceeding). Accordingly, the Court finds that granting Plaintiff leave to amend his complaint to include a claim for a violation of procedural due process would be futile. See Forman v. Davis, 371

---

[1] The Court must view the allegations in the Plaintiff's filing to raise the strongest arguments that they suggest. See Weixel v. Bd. of Educ. of City of New York, 287 F.3d 138, 146 (2d Cir.2002).

U.S. 178, 182 (1962)(holding that although Rule 15 of the Federal Rules of Civil Procedure requires that leave to amend "shall be freely given when justice so requires," leave may be denied if it would be futile).

Therefore, the defaulting defendants' motion to vacate the entry of default is granted. The individual defendants' motion to dismiss the claims against them is granted and the complaint is dismissed with prejudice with respect to Barbara MacMullen, Chris Kirisits, Sandra Lucas, Cynthia Cromwell, Christine Hally, and Michael Zuber. The Plaintiff's motion for miscellaneous relief is denied.

**ALL OF THE ABOVE IS SO ORDERED.**

                                       S/ MICHAEL A. TELESCA
                                       HON. MICHAEL A. TELESCA
                                       United States District Judge

Dated:	Rochester, New York
	December 2, 2013