UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

              Plaintiff,

      v.

ROCHESTER PSYCHIATRIC CENTER, et al.,

              Defendants.
_____

REPORT & RECOMMENDATION

12-CV-6045T

        Pending before this Court for report and recommendation is plaintiff Dwayne Freeman's motion for injunctive relief. (Docket # 62). Defendant Rochester Psychiatric Center opposes the motion. (Docket # 69).

        On January 25, 2012, plaintiff Dwayne Freeman ("Freeman") filed suit against his employer, the Rochester Psychiatric Center ("RPC"), under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* (Docket # 1). Freeman's complaint alleges that he was subjected to race and gender-based discrimination and retaliation beginning on June 8, 2010, approximately ten years after he was hired by RPC. (*Id.*).

        On July 24, 2014, plaintiff filed the instant motion, which was referred to this Court for report and recommendation on July 28, 2014. (Docket ## 62, 83). Plaintiff asserts that on June 27, 2014, after being on leave for one week, he visited RPC's personnel office to pick up a letter. When he arrived at the office, the Personnel Manager told Freeman that she wanted to speak with him. Freeman responded that he would not speak to her without a union representative present, at which point the Personnel Manager demanded to know if Freeman was

violating a direct order to speak to her.  (*Id.* at ¶¶ 1-8).  On the basis of these factual assertions, Freeman requests that the Court issue an injunction preventing RPC from taking any disciplinary action against him and preventing RPC "manager/administrators . . . from having face-to-face interactions with [him]."  (*Id.* at ¶¶ 14-15).

To warrant injunctive relief, a movant must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).  Irreparable harm means harm that is "not remote or speculative but . . . actual and imminent" and cannot be compensated by monetary damages.  *Id.*; *see also Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (irreparable harm means injury "that cannot be remedied by an award of monetary damages"); *Valle v. YMCA of Greater New York*, 2006 WL 1376935, *2 (S.D.N.Y. 2006).

In this case, Freeman has not demonstrated irreparable harm.  His motion does not assert that he was disciplined for refusing to speak to the Personnel Manager.[1]  Even if he had been, and he could establish that RPC had engaged in unlawful discriminatory and retaliatory conduct under Title VII in imposing such discipline, he would be entitled to recover monetary compensation.  *See*, *e.g.*, *Guitard v. United States Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) ("injuries that generally attend a discharge from employment – loss of reputation, loss of income and difficulty in finding other employment – do not constitute the irreparable harm necessary to obtain a preliminary injunction") (citing *Samson v. Murray*, 415 U.S. 61, 89-92 (1974)); *Sullivan v. Cossette*, 2013 WL 3965125, *2 (D. Conn. 2013) ("even if . . . the plaintiffs

---

[1] Indeed, Freeman's reply papers make clear that he has not been disciplined or issued a Notice of Discipline in the almost three months since the incident on June 27, 2014.  (*See* Docket # 70 at ¶ 7).

are indeed subjected to disciplinary action up to and including termination, those types of employment-related injuries – which, in most cases, can be remedied by back pay, money damages or reinstatement – are generally insufficient to warrant preliminary injunctive relief"); *Valle v. YMCA of Greater New York*, 2006 WL 1376935 at *1, 2 (denying plaintiff's motion for preliminary injunction restraining defendant from "[u]nwarranted criticism of job performance by supervisors; [d]isciplinary actions not in line with standard practices; [i]nternal investigations"; "[p]laintiff's application must fail because he cannot demonstrate the requisite irreparable harm"). Moreover, the record is devoid of any evidence that other employees would be intimidated from complaining about protected conduct or testifying on his behalf if Freeman were unlawfully disciplined. *See Moore v. Consolidated Edison Co.*, 409 F.3d 506, 512 (2d Cir. 2005) ("while a retaliatory discharge may in some cases intimidate witnesses and thereby inflict irreparable harm, . . . the district court did not abuse its discretion in concluding that there was no risk of such irreparable harm presented here").

Separate and apart from the question of irreparable harm, I also find that Freeman has failed to demonstrate a likelihood of success on the merits or sufficiently serious questions going to those merits to make them a fair ground for litigation and the requisite balance of hardships tipping decidedly in his favor. *See Valle*, 2006 WL 1376935 at *2. In this case, the record does not demonstrate any basis to interfere with the parties' employment relationship by prohibiting the imposition of any discipline against Freeman or by prohibiting "face-to-face interactions" between Freeman and his manager and supervisors.

## **CONCLUSION**

For the reasons stated above, I recommend that Freeman's motion for injunctive relief **(Docket # 62)** be **DENIED**.

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
    November 7, 2014

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

**ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

**ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See*, *e.g.*, *Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

**Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.**

Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

                                                           *s/Marian W. Payson*
                                                          MARIAN W. PAYSON
                                                  United States Magistrate Judge

Dated: Rochester, New York
        November 7, 2014