UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

                Plaintiff,            12-CV-6045T

      v.                            **DECISION**
                                               **and ORDER**
ROCHESTER PSYCHIATRIC CENTER, et. al.

                Defendants.
_____

    Plaintiff Dwayne Freeman ("Freeman") proceeding pro se, brings this employment discrimination action against several defendants including the Rochester Psychiatric Center, a psychiatric care facility operated by the New York State Office of Mental Health, claiming that he was discriminated against on the basis of his race and sex. Specifically, plaintiff, a black male, claims that he has been harassed by white female employees, and that a female white coworker spread vile rumors about him. He claims that in response to his complaining of discrimination, he was charged with harassing coworkers.

    By motion dated July 24, 2014, Freeman seeks an order enjoining the defendants from taking any disciplinary action against him, and prohibiting supervisors from having face-to-face interactions with him. On July 28,

2014, I referred plaintiff's motion to United States Magistrate Judge Marian W. Payson for a report and recommendation. In a Report and Recommendation dated November 7, 2014, Judge Payson recommended that plaintiff's motion be denied on grounds that he had failed to demonstrate that he was subject to irreparable harm in the absence of an injunction being issued, or that he would likely succeed on the merits of his case. Judge Payson further found that Freeman had failed to demonstrate the existence of serious questions regarding the merits of his claim that would constitute a fair basis for litigation.

Because neither party has filed an objection to the November 11, 2014 Report and Recommendation, the parties have waived their rights to de novo review pursuant to 28 U.S.C. § 636(b)(1). U.S. v. Male Juvenile, 121 F.3d 34 (2nd Cir. 1997). Additionally, the Second Circuit has by rule adopted the position that where the parties have received notice of the consequences of failing to object to a Magistrate Judge's Report and Recommendation, such a failure will preclude any further review of a Decision

adopting a Magistrate Judge's Report and Recommendation. Id. See also, Small v. Secretary of Health and Human Services, 892 F.2d 15 (2nd Cir. 1989)("failure to object timely to a magistrate's report operates as a waiver of any further judicial review of the magistrate's decision"). Accordingly, I may only review Magistrate Payson's Report and Recommendation for clear error.

For the reasons set forth in Judge Payson's November 11, 2014 Report and Recommendation, I find that Judge Payson properly determined that plaintiff is not entitled to injunctive relief. Accordingly, I adopt Judge Payson's Report and Recommendation in its entirety, and deny plaintiff's motion for injunctive relief.

ALL OF THE ABOVE IS SO ORDERED.

S/ Michael A. Telesca

_____
MICHAEL A. TELESCA
United States District Judge

Dated:   Rochester, New York
         December 2, 2014