UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

                Plaintiff,

        v.

ROCHESTER PSYCHIATRIC CENTER, et al.,

              Defendants.

_____

REPORT & RECOMMENDATION
and DECISION & ORDER

12-CV-6045T

Pending before this Court for report and recommendation is plaintiff Dwayne Freeman's second motion for injunctive relief.[1]  (Docket # 95).  Defendant Rochester Psychiatric Center ("RPC") opposes the motion.  (Docket # 104).  On March 20, 2015, the district court referred the pending motion to this Court for report and recommendation.  Also pending for decision by this Court are Freeman's motions to amend his complaint and to compel discovery responses.  (Docket ## 86, 93, 114).

On January 25, 2012, Freeman filed suit against RPC, his employer, under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*  (Docket # 1).  Freeman's complaint alleges that he was subjected to race and gender-based discrimination and retaliation beginning on June 8, 2010, approximately ten years after he was hired by RPC.  (*Id.*).

_____

[1]  Freeman filed an earlier motion for injunctive relief seeking an order prohibiting the defendant from imposing any disciplinary action against him.  (Docket # 62).  That motion was denied.  (Docket ## 84, 85).

## REPORT & RECOMMENDATION

### Motion for Injunctive Relief

Following a dispute with RPC's Director of Nursing on February 3, 2015, Freeman was suspended from work without pay on February 19, 2015. (Docket ## 95, 104). He was issued a written Notice of Discipline imposing the unpaid suspension and seeking a penalty of termination. (Docket # 119, Exhibit ("Ex.") C). Several weeks later, on March 19, 2015, Freeman filed the instant motion for injunctive relief seeking an order requiring RPC to pay him during the period of his suspension. (Docket # 95). Freeman claims that his loss of pay has deprived him of "any meaningful way to pay his rent" and that he faces eviction. (*Id.* at ¶ 2). Freeman's supporting affidavit includes a copy of a letter dated March 16, 2015 from the manager of his residential apartment complex stating that he owed rent of $1,515 ($757.50 each for February and March) plus a $100 late fee, and that if the sum of $1,615 were not paid within three days he would be required to relinquish possession of the apartment. (*Id.* at Ex. A). Freeman also attached a copy of his paystub for the period January 22 through February 4, 2015 reflecting gross wages of $1,570.14, or $1,937.94 including overtime and holiday pay. The net amount of his paycheck for that period was $1,247.88. (*Id.* at Ex. F).

Prior to oral argument, Freeman submitted a supplemental memoranda with attached exhibits in further support of his motion. (Docket # 119). That submission includes another letter from the manager of Freeman's apartment complex. (*Id.*). This second letter, dated June 18, 2015, indicates that Freeman is in arrears on his rent for the months of March through June and again advises that the rent must be paid within three days or possession of the apartment relinquished. (*Id.*). A handwritten note appears at the bottom of the letter stating, "Account will be sent to attorney for further proceedings unless payment is made." (*Id.*).

Freeman's supplemental submission also includes paperwork reflecting the arbitrator's decision on Freeman's challenge to his Notice of Discipline suspending him without pay and seeking termination.  (*Id.*, Ex. C).  The arbitrator found Freeman guilty of the charges, but determined that the State's proposed penalty of termination was "inappropriate."  (*Id.*). Neither party to the arbitration has sought review of the arbitrator's decision.  At oral argument on the pending motion, Freeman represented that he is currently on workers' compensation leave, has requested an accommodation and expects to return to work in July.

Freeman also represented the following relevant facts at oral argument.  He is single with no dependents.  His brother loaned him $1,500 to assist him during his unpaid suspension.  He has not been served with any eviction notice.  He paid one month's rent in June (which, based on the rental manager's June 18 letter, appears to have been credited to the February past-due balance).  He also acknowledged that he has been on workers' compensation leave since approximately a week after the arbitrator's decision.  Those benefits, together with supplemental insurance benefits through his union, amount to approximately $1,600 per month, or approximately 65% of his pre-suspension net wages.

To warrant injunctive relief, a movant must demonstrate "(a) irreparable harm and (b) either (1) likelihood of success on the merits or (2) sufficiently serious questions going to the merits to make them a fair ground for litigation and a balance of hardships tipping decidedly toward the party requesting the preliminary relief."  *Jackson Dairy, Inc. v. H.P. Hood & Sons, Inc.*, 596 F.2d 70, 72 (2d Cir. 1979).  Irreparable harm means harm that is "not remote or speculative but . . . actual and imminent" and cannot be compensated by an award of monetary damages.  *Id.*; *accord Rodriguez v. DeBuono*, 175 F.3d 227, 234 (2d Cir. 1999) (irreparable harm means injury that "cannot be remedied by an award of monetary damages").  Generally speaking,

"the requisite irreparable harm is not established in employee discharge cases by financial distress or inability to find other employment, unless truly extraordinary circumstances are shown." *Holt v. Cont'l Grp., Inc.*, 708 F.2d 87, 90-91 (2d Cir. 1983), *cert. denied*, 465 U.S. 1030 (1984). Injuries such as loss of income, damage to reputation and difficulty finding other employment do not rise to the level of irreparable injury. *Sampson v. Murray*, 415 U.S. 61, 89-92 (1974); *see also Guitard v. United States Sec'y of Navy*, 967 F.2d 737, 742 (2d Cir. 1992) ("injuries that generally attend a discharge from employment – loss of reputation, loss of income and difficulty in finding other employment – do not constitute the irreparable harm necessary to obtain a preliminary injunction") (citing *Sampson v. Murray*, 415 U.S. at 89-92); *Sullivan v. Cossette*, 2013 WL 3965125, *2 (D. Conn. 2013) ("even if . . . the plaintiffs are indeed subjected to disciplinary action up to and including termination, those types of employment-related injuries – which, in most cases, can be remedied by back pay, money damages or reinstatement – are generally insufficient to warrant preliminary injunctive relief").

The extraordinary circumstances that may justify injunctive relief include those rare situations where "the harm generated by loss of employment extends beyond financial boundaries . . . that cannot be adequately remedied by a later award of damages." *Lin v. Great Rose Fashion, Inc.*, 2009 WL 1544749, *19 (E.D.N.Y. 2009) (internal quotations omitted). *See also Sampson v. Murray*, 415 U.S. at 92 n.68 ("[w]e recognize that cases may arise in which the circumstances surrounding an employee's discharge, together with the resultant effect on the employee, may so far depart from the normal situation that irreparable injury might be found"). Among the factors that courts generally evaluate in determining whether a plaintiff in an employment termination case has demonstrated irreparable harm are (1) opportunity to secure future employment; (2) personal and family resources; (3) availability of unemployment

insurance; (4) ability to obtain a private loan; (5) eligibility for public assistance; and, (6) any other compelling circumstances that weight heavily in favor of interim injunctive relief. *Shady v. Tyson*, 5 F. Supp. 2d 102, 109 (E.D.N.Y. 1998).

Freeman cites a threat of eviction from his apartment as justification for the requested order requiring RPC to pay him while on suspension. That possibility does not seem imminent. Although he did not pay rent from February through May, Freeman has not been served with an eviction notice. He is still living in his apartment. Indeed, since his arbitration, he has been placed on workers' compensation leave and that compensation, coupled with insurance benefits, amounts to benefits of approximately 65% of his net wages. He was able to pay monthly rent in June, and there is no reason to believe he will not be able to continue to do so in July. He has represented that he expects to return to work in July, at which time his wage earnings presumably will return to pre-suspension levels. In my estimation, these facts do not constitute the "extraordinary circumstances" warranting the requested interim injunctive relief. Accordingly, I recommend that the district court deny Freeman's motion for injunctive relief.

## DECISION & ORDER

### I.   Motion to Amend

Also pending before the Court is Freeman's motion to amend his complaint to add claims and parties. (Docket # 86). Freeman states summarily that he wishes to add as a defendant the New York State Office of Mental Health and to add the following claims:

> violation of NYS Human Rights Law, unfair evaluation, unequal work environment, unequal working conditions especially as it relates to Dkt #63 par. 10, violation of the equal protection clause of the 14th Amendment of the U.S. Constitution, deprivation of property rights, and violation of due process clause of the 14th Amendment of U.S. Constitution.

(*Id.*).  Defendant has opposed the motion, arguing that the proposed amendments are barred by the Eleventh Amendment, plaintiff's election of remedies, and/or the three-year limitations period applicable to actions under 42 U.S.C. § 1983.  (Docket # 89).

Freeman has failed to submit a copy of his proposed amended complaint, which is required by Rule 15(a) of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York.  Review of a proposed amended complaint is essential to the Court's determination of Freeman's motion, especially in view of defendant's objections.

Accordingly, Freeman's motion to amend is denied without prejudice.  If he wishes to pursue amendment, he must file a new motion, accompanied by a copy of his proposed amended complaint, by no later than **August 7, 2015**.  His motion papers should clearly identify all the changes to the original complaint he wishes to make and the reasons he believes that such changes are legally justified.

## II.      Motions to Compel

Freeman has filed various motions to compel relating to discovery requests, two of which remain outstanding.  (Docket ## 93, 114).  The first, filed on March 17, 2015, seeks to compel RPC to answer a discovery request he served on January 30, 2015.  (Docket # 93 at ¶ 2). The discovery request is an improper request under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  (*See* Docket # 92).  It purports to issue under Rule 30(b)(6), which sets forth a procedure for a party to issue a notice of deposition or subpoena to a governmental agency or other entity and describe "with reasonable particularity the matters for examination."  Fed. R. Civ. P. 30(b)(6).  In response, the agency or entity must designate a representative to testify on its behalf as to those matters described in the notice or subpoena.  Yet, plaintiff's discovery

request does not identify any matters for examination.  Rather, although it asserts Rule 30(b)(6) as its basis, it also requests to depose four identified individuals – a discovery request that is outside the purview of Rule 30(b)(6).  Thus, the form of the request as issued is improper, and the motion to compel is denied.

Freeman may serve a proper 30(b)(6) notice to RPC or, alternatively, in accordance with the procedures set forth in Rules 30 and 45 of the Federal Rules of Civil Procedure, notice or subpoena the four identified non-party individuals for depositions.  In other words, he must decide whether he seeks to depose RPC (the institution) on topics he specifically designates in his notice, in which case RPC is entitled to designate representatives to be deposed, or whether he seeks to depose particular individuals who have testimony relevant to his claims, or whether he seeks to depose both the institution and particular individuals.  Freeman must bear the cost of a court reporter for any depositions he takes.

The second pending motion to compel seeks an order requesting RPC to produce (1) a typed transcript of an "interrogation" of plaintiff that occurred on December 11, 2014; and (2) answers to written discovery dated April 1, 2015.  (Docket # 114 at ¶¶ 13, 18).  The motion also seeks sanctions against RPC's counsel in the form of a reprimand and an order requiring him "to comply with [the] Federal Rules of Civil Procedure for the duration of this action."  (*Id.* at ¶¶ 20-21).  With respect to the first request, RPC has produced an audio recording, representing that the interrogation "has never been transcribed in written form."  (Docket # 111 at 2).  Although Freeman contends that his union contract entitles employees to verbatim transcripts, a party's discovery obligations are not governed by private contracts but by the Federal Rules of Civil Procedure, which require a responding party to produce or make available for inspection documents, including audio recordings, that are in the party's possession, custody

or control.  *See* Fed. R. Civ. P. 34(a).  Thus, if RPC has an audio recording, it is obligated to

produce that recording.  If it had a written transcript, it would be required to produce it too.

Discovery rules do not require, however, that a party create a document not in existence.  *See*

*Ellison v. Allstate Ins. Co.*, 2013 WL 6191576, *2 (W.D.N.Y. 2013) ("the Court cannot compel

production of documents that do not exist").  The question of whether the State may have

violated its contractual requirements by not producing a *written* transcript is not before the Court

on this discovery motion and, in any event, the contractual provision upon which Freeman relies

appears to permit the State to provide either a "stenographic record (verbatim transcript) and/*or*

*tape recording*" of an interrogation.  *See* Docket # 97 at Ex. A, § 33.2(c) (emphasis added).

Freeman's second request seeks an order compelling RPC to respond to a

discovery request served on April 1, 2015.  (*See* Docket # 100).  On June 1, 2015, RPC answered

the request.  (Docket # 117).  The response was several weeks late.

Freeman had earlier sought an order compelling RPC to respond to this particular

request, which this Court denied as premature because it had been filed before the expiration of

the thirty-day response period provided by the Federal Rules of Civil Procedure.  (Docket

## 102, 105).  In its decision, the Court expressly noted its "expect[ation] that [defendant] will

comply with the deadlines . . . of the Federal Rules of Civil Procedure in responding to

Freeman's outstanding requests."  (Docket # 105 at 1).

Despite the Court's admonition, defendant did not answer the discovery request

until approximately one month after it was due.  Anticipating that the response would be

untimely, counsel for defendant wrote to Freeman on May 1, 2015 and explained that he needed

more time to respond because he had been "frequently traveling out-of-town (among other

matters)" and asked for a thirty-day extension.  (Docket # 120, Ex. A).  Freeman denied the

8

request.[2]  (Docket # 114 at Ex. D).  Rather than ask the Court for an extension of the deadline, defendant simply served the response late.

Freeman contends that RPC has engaged in a pattern of dilatory tactics and inattention to his discovery obligations.  A review of the docket reveals that Freeman has served numerous discovery requests in this case and that RPC has generally provided timely responses.  Counsel is nonetheless reminded of the obligation imposed by the Federal Rules of Civil Procedure to serve timely responses to properly-served discovery requests.  Should he be unable to do so, he should seek leave from this Court for an extension and explain the reasons why he believes an extension is necessary.

For the reasons explained above, Freeman's motion to compel production of a written transcript of the interrogation is denied and to compel answers to the discovery requests dated April 1, 2015 is denied as moot.  His motion for sanctions is denied.

## **CONCLUSION**

For the reasons stated above, I recommend that Freeman's motion for injunctive relief **(Docket # 95)** be denied.  I deny without prejudice Freeman's motion to amend his complaint **(Docket # 86)**.  Any motion to amend must be filed by no later than **August 7, 2015**.

---

[2]  Freeman is reminded that his communications with opposing counsel should be professional and free of profane or vulgar language.  His letter to counsel denying counsel's request for an extension does not meet that standard.

I further deny Freeman's motions to compel discovery **(Docket ## 93, 114)** and his motion to expedite consideration of his motion for injunctive relief **(Docket # 107)**.

*s/Marian W. Payson*
_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      July 10, 2015

Pursuant to 28 U.S.C. § 636(b)(1), it is hereby

      **ORDERED**, that this Report and Recommendation be filed with the Clerk of the Court.

      **ANY OBJECTIONS** to this Report and Recommendation must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report and Recommendation in accordance with the above statute, Fed. R. Civ. P. 72(b), 6(a) and 6(e) and Local Rule 72.

      The district court will ordinarily refuse to consider on *de novo* review arguments, case law and/or evidentiary material which could have been, but was not, presented to the magistrate judge in the first instance. *See, e.g., Paterson-Leitch Co., Inc. v. Mass. Mun. Wholesale Elec. Co.*, 840 F.2d 985 (1st Cir. 1988).

      **<u>Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.</u>** *Thomas v. Arn*, 474 U.S. 140 (1985); *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

      The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "[w]ritten objections . . . shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis for each objection, and shall be supported by legal authority." **<u>Failure to comply with the provisions of Rule 72(b), or with the similar provisions of Rule 72(a) (concerning objections to a Magistrate Judge's Decision and Order), may result in the District Court's refusal to consider the objection.</u>**

      Let the Clerk send a copy of this Order and a copy of the Report and Recommendation to the attorneys for the Plaintiff and the Defendant.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
_____
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
      July 10, 2015