```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```

DWAYNE FREEMAN,

        Petitioner,

    -v-                                12-CV-6045
                                          **ORDER**

ROCHESTER PSYCHIATRIC CENTER,
Superintendent,

        Respondent.

---

*Pro se* petitioner Dwayne Freeman ("petitioner" or "Freeman") brings this action against his employer, defendant Rochester Psychiatric Center ("RPC"), pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*, alleging race and gender-based employment discrimination and retaliation related to his placement on unpaid suspension in February 2015 following a dispute with RPC's Director of Nursing. The matter is presently before this Court for determination of plaintiff's Objections to the Report and Recommendation of United States Magistrate Judge Marian W. Payson pursuant to 28 U.S.C. § 636(b)(1).[1]  Judge Payson filed her Report and

---

[1] The facts of this case were set forth in Judge Payson's Report and Recommendation, and familiarity with those facts is presumed..

Recommendation in which she recommended that this Court deny Freeman's motion for injunctive relief in which he seeks payment from RPC during his suspension. (Dkt. #124). On July 27, 2015, Freeman filed objections to the Report and Recommendation (Dkt. # 126).

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Federal Rule of Civil Procedure 72, this Court must make a *de novo* determination of those portions of the Report and Recommendation to which objections have been made. However, "in a case where a party makes only conclusory or general objections, or simply reiterates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Butto v. Collecto, Inc.*, 290 F.R.D. 372, 379 (E.D.N.Y. 2013) (internal quotation marks omitted).

In his motion, Freeman claims that his loss of pay during his suspension has deprived him of the ability to pay his rent and, therefore, he is facing eviction. The Report and Recommendation notes that Freeman has not been served with an eviction notice; he receives approximately $1600.00 per month in workers' compensation benefits and

supplemental insurance benefits through his union. At oral argument, Freeman informed the Court that he had also received a $1500.00 loan from his brother and was single, with no dependants. In his Objections to the Report and Recommendation, Freeman primarily contends that (1) he has sufficiently shown a likelihood of success on the merits with respect to his complaint, and (2) he makes conclusory or general assertions that he has suffered irreparable injury as a result of his unpaid suspension. *See* Objections (Dkt. #126) ¶¶ 5-9, 10-14.

Here, Freeman has simply raised various forms of the same general arguments made before Judge Payson. As noted in the Report and Recommendation, although Freeman cited the threat of eviction as the primary justification for his requested injunctive relief, there is no indication in his moving papers, his statements at oral argument, or in his Objections that eviction is imminent or that he is unable to pay his monthly rent. Moreover, it is well settled that financial distress does not constitute irreparable harm in employee discharge cases unless truly extraordinary circumstances are shown." *Holt*

*v. Cont'l Grp.*, Inc., 708 F.2d 87, 90-91 (2d Cir. 1983), *cert. denied*, 465 U.S. 1030 (1984). As noted in the Report and Recommendation, extraordinary circumstances have not been established here. Plaintiff's Objections do not point to any error in the Report and Recommendation's legal analysis or identify any facts or issues that were overlooked. Therefore, the Court applies a clear error standard of review. The Court has reviewed Judge Payson's comprehensive and well-reasoned Report and Recommendation and finds no clear error. Accordingly, the Objections (Dkt. #126) are denied.

Pursuant to 28 U.S.C. § 636(b)(1)(C), the Court accepts and adopts the Report and Recommendation (Dkt. #124) in its entirety, and, for the reasons stated in the Report and Recommendation, plaintiff's motion is denied.[2] In addition, because Freeman has failed to make a "substantial showing of a denial of a constitutional right," 28 U.S.C. § 2253(c)(2), the Court declines to

---

[2] The Court has also received and considered plaintiff's recent complaints that his extensive filings in this matter "have been ignored." After reviewing the approximately 150 docket entries in this case, the Court is satisfied that both the Magistrate Court and the District Court have been diligent in their responsibilities to the parties.

issue a certificate of appealability.  The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this judgment would not be taken in good faith and therefore denies leave to appeal as a poor person.

    **SO ORDERED.**

                                        S/Michael A. Telesca
                _____
                        MICHAEL A. TELESCA
                     United States District Judge

Dated:   February 26, 2016
        Rochester, New York