UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

                Plaintiff,                DECISION & ORDER

       v.                                  12-CV-6045T

ROCHESTER PSYCHIATRIC CENTER, et al.,

                Defendants.
_____

        Pending before the Court are two motions filed by Freeman. The first seeks a stay of this Court's March 3, 2016 order requiring him to serve and file his amended complaint. (Docket # 156). The second is a motion to consolidate. (Docket # 157).

        The Decision and Order referenced above, dated March 3, 2016, granted in part and denied in part Freeman's motion to amend his complaint. (Docket # 154). Specifically, he was granted permission to add factual allegations and assert a Title VII claim against the New York State Office of Mental Health. (*Id.*). The Order directed him to serve and file his amended complaint by no later than March 24, 2016. (*Id.*). On that date, instead of doing so, Freeman moved for a stay of that deadline on the grounds that he may wish to move to add more claims beyond those that were the subject of his earlier motion to amend. (Docket # 156 at ¶ 5).

        On April 27, 2016, this Court held a telephone status conference with Freeman and counsel for defendants. (Docket # 159). At that time, the Court explained to Freeman that it would not stay his obligation to serve and file the amended complaint, although it would grant an extension of the deadline to do so if Freeman needed more time. Freeman requested that the

deadline be extended until June 3, 2016. Accordingly, Freeman's motion for a stay is denied, but his deadline for serving and filing the amended complaint that is the subject of the Court's March 3, 2016 Decision and Order is extended until June 3, 2016.

On April 22, 2016, Freeman filed a motion for consolidation that seeks leave "to combine all his newly-filed Federal claims into this existing action." (Docket # 157 at ¶ 1). Freeman noted in his motion that he had been terminated from employment with defendant a few days before he filed his motion. (*Id.* at ¶ 11). The motion suggests that Freeman wishes to add claims related to his termination to this action, rather than to file a new lawsuit. (*Id.* at ¶ 20).

At the April 27 status conference, this Court addressed this motion as well. As the Court advised Freeman, because he has filed no motion to amend identifying new defendants and legal claims he wishes to add, the Court cannot determine whether such defendants and claims may be added to this action. Such a motion to amend would also need to be accompanied by a proposed amended complaint. In other words, if Freeman wishes to add defendants or claims to this action, he should file a motion to amend the complaint. If he wishes to file a separate lawsuit and then consolidate the suits, he would need to file a separate lawsuit first. Accordingly, Freeman's motion to consolidate is denied as premature, without prejudice to renewal.

As this Court further explained to Freeman, he is free to file a motion to amend, a motion for injunctive relief, and/or a new lawsuit (after which he may file a motion to

consolidate the actions). This Decision and Order should not be construed to address or bear on the merits of any such motions.

**IT IS SO ORDERED.**

*s/Marian W. Payson*
MARIAN W. PAYSON
United States Magistrate Judge

Dated: Rochester, New York
May 4, 2016