UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

DWAYNE FREEMAN,

                Plaintiff,

      v.

ROCHESTER PSYCHIATRIC CENTER,

                Defendant.

_____

**DECISION & ORDER**

12-CV-6045T

      On January 25, 2012, Dwayne Freeman ("Freeman") filed suit against Rochester Psychiatric Center ("RPC"), his employer,[1] under Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.*  (Docket # 1).  Freeman's complaint alleges that he was subjected to race and gender-based discrimination and retaliation beginning on June 8, 2010, approximately ten years after he was hired by RPC.  (*Id.*).  Currently pending before this Court is Freeman's motion to compel.  (Docket # 161).  Also pending is his motion seeking an extension of time to file a motion for leave to amend his complaint.  (Docket # 171).

**MOTION TO COMPEL**

      Freeman seeks to compel further responses to several of his interrogatories propounded on March 31, 2015, which RPC responded to on June 1, 2015.  (Docket ## 99, 116, 161).  According to Freeman, he attempted to confer with counsel for RPC in mid-August 2015

---

[1] Freeman also sued several individual defendants who were subsequently dismissed from the action. (Docket ## 1, 29).

regarding his position that the responses were inadequate.  (Docket ## 129; 161 at ¶ 2).  RPC supplemented its interrogatory responses on October 29, 2015.  (Docket # 142-1).

Freeman objects to the supplemental responses, maintaining that several of the responses continue to be inadequate.  (Docket # 161).  According to Freeman, RPC's responses to Interrogatory Nos. 1, 2, 7, 8, 9, 10, 20, 21, and 22 are inadequate because they refer to approximately fifty pages of produced documents, rather than answering the questions posed, and fail to identify the particular pages within the production from which the answers may be determined.  (*Id.*).  Freeman also objects to RPC's failure to answer Interrogatory No. 23, first propounded in Docket # 129 on August 13, 2015.  (*Id.* at ¶¶ 12-14).  Finally, Freeman maintains that several pages of the documents that were produced by RPC are illegible.[2]  (Docket # 161 at ¶ 19).

In opposition to the motion, RPC supplemented several of its interrogatory answers to address Freeman's concerns, but refused to supplement its responses to Interrogatories 9 and 10.  (Docket # 165).  Additionally, RPC objected to and did not provide a response to Interrogatory 23.  (*Id.* at ¶ 12).  Finally, RPC reproduced its document production in an attempt to provide Freeman more legible copies of the documents.  (*Id.* at ¶ 13).  I have reviewed the documents produced and their quality is somewhat improved, although some of the documents still do not appear to be entirely legible.  To the extent Freeman remains unable to read any of the documents, he should identify those by Bates number to counsel for RPC; if counsel cannot provide more legible copies, RPC must make arrangements for Freeman to inspect the originals of those documents.

---

[2]  Freeman also requested additional time to file an amended complaint.  (Docket # 161 at ¶ 20).  The Court previously addressed that request.  (Docket # 162).

On August 2, 2016, Freeman filed a declaration stating that he intended to reply to RPC's opposition by August 19, 2016.  (Docket # 168).  No such reply was apparently filed.

As indicated above, Freeman objects to RPC's responses to Interrogatories 1, 2, 7, 8, 9, 10, 20, 21, and 22 on the grounds that they simply refer him to a "mass of business documents" without answering the interrogatories.  (Docket # 161 at ¶¶ 3-4).  Freeman maintains that RPC should be required, at the very least, to identify the specific pages of the document production within which the answers may be discerned.  (*Id.* at ¶ 7).

RPC supplemented its responses to Interrogatories 1, 2, 7, 8, 20, 21, and 22 by referencing in response to each interrogatory a few specific pages within its document production.  (Docket # 165 at ¶¶ 3-6, 9-11).  A review of the referenced pages, which amount to no more than six pages for each interrogatory, confirms that they contain information relating generally to Interrogatories 1, 2, 7, and 8.  Further, RPC has provided narrative answers to Interrogatories 1 and 8.  (Docket # 142-1 at 2, 3).  RPC did not supplement its answers to Interrogatories 2 and 7 to provide narrative responses, however, and the document production pages referenced in the supplemental answers do not provide clear answers to these interrogatories.  *See XChange Telecom Corp. v. Sprint Spectrum L.P.*, 2015 WL 773752, *5 (N.D.N.Y. 2015) ("Rule 33 production is suited to those discovery requests requiring a compilation or analysis . . . [and] is well-suited to reply to inquiries of an intensely objective nature; . . . Rule 33 is not appropriate where interrogatories pose questions of fact or mixed questions of law and fact [which] require the exercise of particular knowledge and judgment on the part of the responding party") (internal quotations omitted).  Accordingly, RPC is directed to supplement its responses to Interrogatories 2 and 7.

With respect to Interrogatories 20, 21, and 22, the specific pages identified by RPC in its supplemental response do not appear to contain the answer to Freeman's questions. Additionally, RPC has objected to Interrogatory 23 on the grounds that it is vague and speculative.  (Docket # 165 at ¶ 12).  These interrogatories, although not the model of clarity, read together and in the context of the other interrogatories, clearly seek information relating to statements contained in the administrative report produced by RPC at Docket ## 40 and 49.  For instance, Interrogatories 21, 22, and 23 seek the identities and job titles of the "several employees with supervisory responsibility" to whom Ms. Hancoski reported the incident, the identity of those employees' supervisors, and the dates and times that Ms. Hancoski made the reports.  (Docket ## 142-1 at 8; 161 at ¶ 13).  RPC is directed to supplement its responses with responsive information within its possession, custody and/or control.

Interrogatory 20 appears to seek information relating to the statement in the same report that several witnesses reported that they were targeted by Freeman as a result of their interview with the investigator about allegations that Freeman sexually harassed a co-worker.  (Docket ## 49 at 4; 141-2 at 7).  Read in context with the previous interrogatory, Freeman is asking whether RPC has information demonstrating that Freeman "targeted" the witnesses after they spoke to RPC's investigator.  RPC is directed to supplement its response with responsive information within its possession, custody and/or control.

RPC refused to supplement its responses to Interrogatories 9 and 10, maintaining that it has fully responded to those questions.  (Docket # 165 at ¶¶ 7-8).  Those interrogatories clearly relate to the last paragraph of the fourth page of RPC's January 6, 2011, written response to the New York State Division of Human Rights ("NYSDHR") (*see* Docket # 142-1 at 3-4, 15).  Although RPC's supplemental response to Interrogatory 9 provides the names of "Charge

Nurses," it does not identify the particular charge nurse who reported to Cynthia Crowell Ms. Hancoski's allegation of sexual harassment by Freeman as set forth in RPC's response to the NYSDHR.  RPC must supplement its response to do so.

Interrogatory 10 asked RPC to identify the "'supervisor' or Nurse Administrator [who] 'never reported it to her superiors.'"  (Docket # 142-1 at 4).  In response, RPC maintains that the interrogatory mischaracterizes the facts, contending that "there was no incident of a supervisor who failed to report[] plaintiff's allegations" and referred Freeman to its NYSDHR response for further information.  (*Id.*).  Freeman's request plainly references the last paragraph of the fourth page of RPC's NYSDHR response.  (*See id.* at 15).  Specifically, RPC stated, "Ms. Hancoski has reported this incident previously to coworkers and to her supervisor but the supervisor never reported it to her superiors."  (*Id.*).  Freeman has requested the identity of the supervisor referenced in this statement.  Accordingly, RPC is directed to supplement its answer to Interrogatory 10 to provide responsive information within its possession, custody and/or control.

Accordingly, Freeman's motion to compel is granted in part and denied in part. Specifically, that portion of Freeman's motion to compel seeking further responses to Interrogatories 1 and 8 is denied and the portion seeking further responses to Interrogatories 2, 7, 9, 10, 20, 21, 22, and 23 is granted.

## MOTION TO AMEND

The original scheduling order in this matter provided a deadline of February 14, 2014, for filing any motions to join parties or to amend the pleadings.  (Docket # 25).  The scheduling order was amended several times and the deadline for filing motions to amend the

pleadings was extended to December 1, 2014.  (Docket ## 50, 78, 80).  In December 2014, Freeman filed a motion to amend the complaint, which was denied by the Court without prejudice to renewal because Freeman had failed to attach a proposed amended complaint.  (Docket ## 86, 124).  In its decision, the Court instructed Freeman that any motion to amend must be filed on or before August 7, 2015.  (*Id.*).

In August 2015, Freeman filed a motion for leave to file an amended complaint, which the Court granted in part and denied in part.  (Docket ## 130, 154).  In its decision, the Court instructed Freeman to file and serve an amended complaint in accordance with its decision by no later than March 24, 2016.  (Docket # 154 at 10).  At Freeman's request, this Court extended the deadlines several times until June 30, 2016, but Freeman never filed his amended complaint.  (Docket ## 160, 162).  Following the lapsed deadline of June 30, 2016, the Court again issued amended scheduling deadlines, but did not extend the deadline for moving to amend.  (Docket ## 169, 180).

Freeman's current motion seeks "leave from the current scheduling order . . . to write the motion for leave to amend the complaint and . . . to write the proposed amended complaint."  (Docket # 171 at ¶ 2).  RPC opposes the motion on the grounds that Freeman has not demonstrated good cause to amend his complaint at this stage of the litigation and that RPC would be prejudiced because fact discovery has closed.  (Docket # 174).  Indeed, during the pendency of this motion, defendant has filed a motion for summary judgment.  (Docket # 182).

Freeman's motion suggests that he seeks to redraft his original complaint and to add a claim for supervisory liability.  (Docket # 171 at ¶¶ 4, 6).  At this stage of the litigation, discovery is closed, dispositive motions have been filed, and the deadline for amending the pleadings has long since passed.  Under such circumstances, it is well-established that "the Rule

16(b) 'good cause' standard, rather than the more liberal standard of Rule 15(a), governs a motion to amend filed after the deadline a district court has set for amending the pleadings." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).  As the Second Circuit has observed, "despite the lenient standard of Rule 15(a), a district court does not abuse its discretion in denying leave to amend the pleadings after the deadline set in the scheduling order where the moving party has failed to establish good cause."  *Id.* at 340; *see Phaneuf v. Tenneco, Inc.*, 938 F. Supp. 112, 115 (N.D.N.Y. 1996) ("[i]n instances where . . . a considerable amount of time has passed between filing the complaint and the motion to amend, courts have placed the burden upon the movant to show some valid reason for his or her neglect and delay") (internal quotation marks omitted) (quoting *Sanders v. Thrall Car Mfg. Co.*, 582 F. Supp. 945, 952 (S.D.N.Y. 1983), *aff'd*, 730 F.2d 910 (2d Cir. 1984)).

Freeman maintains that he has demonstrated good cause to amend his complaint because his proposed amendments will state valid claims for relief and because he has evidence to prove his claims.  (Docket # 177 at ¶¶ 3-7).  In the Rule 16 context, however, "'[g]ood cause' depends on the diligence of the moving party."  *Parker v. Columbia Pictures Indus.*, 204 F.3d at 340; *accord Holmes v. Grubman*, 568 F.3d 329, 335 (2d Cir. 2009); *Kassner v. 2nd Ave. Delicatessen Inc.*, 496 F.3d 229, 244 (2d Cir. 2007) (court's primary consideration in determining whether a movant has established good cause is "whether the moving party can demonstrate diligence"); *Lowry v. Eastman Kodak Co.*, 14 F. App'x 27, 30 (2d Cir. 2001) (same); *Carnrite v. Granada Hosp. Grp., Inc.*, 175 F.R.D. 439, 446 (W.D.N.Y. 1997) ("'[g]ood cause' means that scheduling deadlines cannot be met despite a party's diligence").  Thus, Freeman must demonstrate the reasons why the new claims and allegations were not included in his original complaint.  If he did not know the facts underlying the new claims and allegations at

the time of the deadline for moving to amend, he needs to show when and how he learned those facts and what efforts he made through discovery or otherwise to learn them before the deadline expired.  The critical consideration is whether Freeman acted with the requisite diligence to justify granting his motion for leave to amend so long after the expiration of the deadline for such motions.

Freeman's papers do not make clear whether he also seeks to make the changes to his complaint that were authorized by this Court's previous decision, but were never made.  Considering the multiple extensions of the deadlines for such an amendment and the ample time afforded by those extensions to file his amended complaint, I decline to set another date for the filing of the previously-authorized amendments.  Accordingly, Freeman's application for an extension of time to file a motion to amend the pleadings is denied.[3]

Freeman's motion also suggests that he is requesting appointed counsel to represent him.  (Docket # 171 at ¶¶ 10-11).  Freeman has previously requested and been denied appointment of counsel.  (*See* Docket ## 38, 39, 55, 76).  Freeman's pending motion does not present any basis for the Court to alter its previous determinations regarding appointment of counsel.  Having reviewed the facts presented in light of the factors required by law, this Court finds, pursuant to the standards promulgated by *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2d Cir. 1997) and *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), that the appointment of counsel is not warranted at this time.  It is Freeman's responsibility to retain an attorney or to continue to prosecute this lawsuit *pro se*.  28 U.S.C. § 1654.

---

[3]  Of course, Freeman is free to file any motion he believes in good faith is justified under the law.  If he were to file a motion to amend his complaint at this stage, his motion would need to demonstrate good cause – meaning diligence – to seek amendment of the complaint at this stage after the expiration of the deadlines set by this Court.  It would also need to include as an exhibit an unsigned copy of his proposed amended complaint, in accordance with Rule 15(a) of the Local Rules of Civil Procedure for the Western District of New York.

Finally, Freeman's motion requests that this Court initiate informal settlement discussions between the parties or refer this matter to mediation pursuant to the Western District of New York's Alternative Dispute Resolution Plan ("ADR Plan").  (Docket # 171 at ¶¶ 14-15). To the extent Freeman wishes to engage in formal or informal settlement discussions, he should confer with counsel for RPC to determine whether RPC is interested in engaging in such discussions.  If so, the parties are free to jointly request a settlement conference or referral to mediation in this case.[4]

Finally, Freeman has expressed concern regarding the mediator's fees.  He may seek a waiver of such fees in accordance with Section 5.3(E) of the ADR Plan.  I have attached to this decision the appropriate form to seek a waiver.

---

[4] I note that a related case filed by Freeman against RPC, *Freeman v. RPC*, 16-CV-6668, has been automatically referred to mediation pursuant to the ADR Plan.  The parties' mediation efforts in that case may well involve mediation of the issues raised in this case.

## <u>CONCLUSION</u>

For the reasons stated above, Freeman's motion to compel **(Docket # 161)** is

**GRANTED in PART and DENIED in PART**.  Specifically, that portion of Freeman's motion

seeking to compel further responses to Interrogatory Nos. 1 and 8 is denied and the portion

seeking to compel further responses to Interrogatory Nos. 2, 7, 9, 10, 20, 21, 22, and 23 is

granted.  Freeman's motion for an extension of time to file a motion to amend his complaint, to

appoint counsel, and to schedule a settlement conference or mediation **(Docket # 171)** is

**DENIED without prejudice** as explained above.

**IT IS SO ORDERED.**


                                               *s/Marian W. Payson*
                                          MARIAN W. PAYSON
                                       United States Magistrate Judge


Dated: Rochester, New York
        March 10, 2017

12/05 WDNY

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

_____

(Name of Plaintiff(s) or Petitioner(s))

v.

_____

(Name of Defendant(s) or Respondent(s))

_____

**MOTION FOR WAIVER OF ADR FEE
AND SUPPORTING AFFIRMATION**

_____-CV-_____

**Note:** Litigants who have been granted *in forma pauperis* status need not complete this form.

I, _____, *(print or type your name)* am a _____ *(plaintiff or defendant)* in the above-entitled case and hereby request that the Court waive my *pro rata* share of the ADR Neutral's fee, or some portion thereof.

In support of my motion for a waiver, I state that because of my poverty I am unable to pay a *pro rata* share of the ADR Neutral's fee and that I believe I am entitled to redress.

**I further declare that the responses which I have made in this affirmation below are true.**

1.  Are you presently employed?  Yes _____  No _____
    My Employer's Name and Address is: _____

    _____

    My **Gross** Monthly Wages are: $_____

    If you are not presently employed, state
    Your Last Date of Employment: _____
    Your Gross Monthly Wages at that time: _____
    Is your spouse presently employed?  Yes _____  No _____
    My Spouse's Employer's Name and Address is: _____

    _____

    My Spouse's **Gross** Monthly Wages are $_____

2.  Have you received **any money** from any of the following sources within the past twelve months**:**
    a.  Business, profession or self-employment?  Yes_____  No_____
        If yes, state **source** and **amount received** per month $_____
    b.  Rent payments, interest or dividends?  Yes _____  No _____
        If yes, state **source** and **amount received** per month $_____
    c.  Pensions, annuities, disability, or life insurance payments?  Yes _____  No _____
        If yes, state **source** and **amount received** per month $_____
    d.  Gifts or inheritances?  Yes _____  No _____
        If yes, state **source** and amount received per month $_____
    e.  Child Support?  Yes_____  No_____
        If yes, state **amount received** each month $_____
    f.  Government Benefits (Social Security, SSI, Welfare, AFDC, Veterans, etc.)?  Yes_____  No_____
        If yes, state **source** and **amount received** per month $_____
    g.  Friends, Relatives or any other source?  Yes_____  No_____
        If yes, state **source** and **amount received** per month $_____
    If you have **not** received any money from any of the above sources, please explain how you are currently paying your expenses:

    _____

    _____

3.    What is your total gross monthly income today: $_____

4.    How much **cash** do you have on hand? $_____

5.    How much money do you have in a **checking account**(s)? $_____

6.    How much money do you have in a **savings account**(s)? $_____

7.    Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)?  Yes _____ No _____
If so, **describe** the property in detail and give an **estimated value** of the property: _____
_____
If you own property, are you paying off a **loan** or **mortgage** on it?  Yes _____ No _____
If yes, where are you obtaining the money to make such payments:_____
_____

8.    State your **total monthly household expenses**:
Rent or mortgage $_____    Food $_____    Utilities $_____    All other expenses $_____
If your monthly expenses exceed the amount of income you listed in # 3 above, please explain how you are paying your expenses:
_____
_____
_____

9.    List **all** of the people who are in your household and state the amount of money each one contributes to household expenses each month (identify minor children only by their initials): _____
_____

10.    List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support (identify minor children only by their initials and their relationship to you): _____
_____
_____

11.    Have you been adjudicated bankrupt within the past ten (10) years?  Yes _____ No _____
If the answer is yes, please include the court and date of filing _____
_____

## I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____    _____
           (Date)                                  (Movant's Signature)