UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DWAYNE FREEMAN,

                            Plaintiff,

                            Case #12-CV-6045-MAT

v.

                            DECISION AND ORDER

ROCHESTER PSYCHIATRIC CENTER,

                            Defendant.

## INTRODUCTION

On January 25, 2012, *pro se* Plaintiff Dwayne Freeman filed a civil rights action against his employer, Defendant Rochester Psychiatric Center, alleging discrimination and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq.* ECF No. 1. The case was assigned to United States District Judge Michael A. Telesca. *See* ECF No. 8.

On September 20, 2017, Judge Telesca granted Defendant's motion for summary judgment and denied Freeman's cross-motion for summary judgment. ECF No. 223. Freeman then moved to vacate Judge Telesca's order and the subsequent judgment. ECF No. 225.

Then, on November 14, 2017, Freeman filed a motion to reassign the case from Judge Telesca, which is currently before the Court. ECF No. 231.

## DISCUSSION

Under Second Circuit law, cases are reassigned only in "unusual circumstances." *Gonzalez v. Hasty*, 802 F.3d 212, 225 (2d Cir. 2015) (quoting *United States v. Robin*, 553 F.2d 8, 9-10 (2d Cir. 1977)). Indeed, reassignment is "an extreme remedy [that is] rarely imposed." *United States v. City of New York*, 717 F.3d 72, 99 (2d Cir. 2013) (citing *United States v. Jacobs*, 955 F.2d 7, 10 (2d Cir. 1992)).

When deciding whether to reassign a case, courts consider three factors:

(1) whether the original judge would reasonably be expected upon remand to have substantial difficulty in putting out of his or her mind previously-expressed views or findings determined to be erroneous or based on evidence that must be rejected, (2) whether reassignment is advisable to preserve the appearance of justice, and (3) whether reassignment would entail waste and duplication out of proportion to any gain in preserving the appearance of fairness.

*Gonzalez*, 802 F.3d at 225 (quoting *Martens v. Thomann*, 273 F.3d 159, 174 (2d Cir. 2001)).

Here, the factors weigh against reassigning the case. There is nothing in Freeman's motion or the record that shows Judge Telesca would have substantial difficulty rejecting his previous findings or that reassignment would preserve the appearance of justice. Freeman's only allegations are that Judge Telesca took a statement in Plaintiff's complaint out of context and intentionally mislabeled Freeman's motion for summary judgment as ECF No. 219 instead of ECF No. 209. ECF No. 231 ¶¶ 4-13, 19-22.

Finally, reassigning the case would result in waste and duplication far out of proportion to any gain in preserving the appearance of fairness. Judge Telesca has presided over this case for more than six years. The case-specific factual and legal knowledge he has is too valuable to discard, especially when the record presents no actual evidence of bias or prejudice. Accordingly, Freeman's motion to reassign, ECF No. 231, is DENIED.

IT IS SO ORDERED.

Dated: March 5, 2018
Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court