UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

DWAYNE FREEMAN,

        Plaintiff,

    -v-                                  6:12-CV-06045 (MAT)
                                              **DECISION AND ORDER**

ROCHESTER PSYCHIATRIC CENTER,

        Defendant.

## I. Introduction

On January 25, 2012, *pro se* plaintiff Dwayne Freeman ("plaintiff") commenced the instant action against his employer, defendant Rochester Psychiatric Center ("defendant"), alleging discrimination and retaliation pursuant to Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e *et seq*. Following the completion of fact discovery, the parties cross-moved for summary judgment and on September 20, 2017, the Court entered a Decision and Order (the "September 20th Decision and Order") granting defendant's motion, denying plaintiff's motion, and ordering the Clerk of the Court to enter judgment in favor of defendant and close the case. Docket No. 223. Judgement in favor of defendant was entered on September 21, 2017. Docket No. 224 (the "Judgment").

On October 19, 2017, plaintiff filed the instant motion, seeking vacatur of the September 20th Decision and Order and the Judgment. Docket No. 225. For the reasons set forth below, the motion is denied.

## II. Discussion

Plaintiff brings the instant motion pursuant to Federal Rule of Civil Procedure 60(b)(6), which provides that "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . any other reason that justifies relief." In support of his motion, plaintiff contends that: (1) the Court made a "grave error of fact" by identifying his motion for summary judgement as appearing at Docket No. 219 rather than Docket No. 209; (2) the Court was required to deem plaintiff's statement of material facts in support of his cross-motion for summary judgment admitted pursuant to Local Rule of Civil Procedure 56(a)(2); (3) the Court failed to consider the evidence submitted by plaintiff and improperly concluded that he had failed to produce competent evidence of discriminatory intent by defendant; and (4) the Court made various other factual errors in the September 20th Decision and Order. Plaintiff's arguments are insufficient to support his entitlement to relief under Rule 60(b)(6).

A party seeking relief pursuant to Rule 60(b)(6) is required "to show extraordinary circumstances justifying the reopening of a final judgment." *Gonzalez v. Crosby*, 545 U.S. 524, 535 (2005) (internal quotation omitted); *see also Intellectual Prop. Watch v. United States Trade Representative*, 205 F. Supp. 3d 334, 352 (S.D.N.Y. 2016) ("[Rule 60(b)(6) motions] are disfavored and should

2

only be granted upon a showing of extraordinary circumstances, or extreme hardship.") (internal quotation omitted). Plaintiff's motion falls far short of this standard.

With respect to plaintiff's first argument, a review of the September 20th Decision and Order shows that the Court did make a typographical error in one place, inadvertently referring to plaintiff's cross-motion for summary judgment as appearing at Docket No. 219 instead of Docket No. 209. However, at other places in the September 20th Decision and Order, including most importantly in the conclusion, the Court clearly identified plaintiff's cross-motion as appearing at Docket No. 209. *See* Docket No. 223 at 28. This inadvertent typographical error, while unfortunate, had no impact whatsoever on the Court's consideration or determination of the parties' competing motions, and plainly does not constitute an "extraordinary circumstance" warranting vacatur of the Judgment.

Turning to the issue of defendant's failure to file a response to plaintiff's statement of material facts pursuant to Local Rule of Civil Procedure 56(a)(2), the Court notes as an initial matter that it has "the inherent power to decide when a departure from its Local Rules should be excused or overlooked" and that this discretion "extends to every Local Rule regardless of whether a particular Local Rule specifically grants the judge the power to deviate from the Rule." *Somlyo v. J. Lu-Rob Enterprises, Inc.*, 932 F.2d 1043, 1048 (2d Cir. 1991); *see also Wight v. BankAmerica*

*Corp.*, 219 F.3d 79, 85 (2d Cir. 2000) (district court has discretion to excuse non-compliance with Local Rules). The Court further notes that the language of Local Rule 56(a)(2) is permissive, rather than mandatory; the rule states that "[e]ach numbered paragraph in the moving party's statement of material facts *may* be deemed admitted for purposes of the motion unless it is specifically controverted by a correspondingly numbered paragraph in the opposing statement." W.D.N.Y. Local R. Civ. P. 56(a)(2) (emphasis added). Accordingly, where an opposing party fails to comply with Local Rule 56(a)(2), the Court will only deem admitted those portions of the statement of material facts that are "supported by admissible evidence and . . . not controverted by the record." *Brooks v. Piecuch*, 245 F. Supp. 3d 431, 434 (W.D.N.Y. 2017). In this case, for the reasons discussed at length in the September 20th Decision and Order, the Court did not find that plaintiff's statement of material facts was supported by admissible evidence. Moreover, the Court had full discretion to excuse defendant's non-compliance with Local Rule 56(a)(2). As such, the Court did not commit an error, and plaintiff is not entitled to relief on this basis.

Plaintiff's remaining arguments are based on nothing more than his disagreement with the Court's assessment of the evidence of record. "Mere disagreement with the [the Court's] underlying judgment does not present extraordinary circumstances or extreme

4

hardship." *Green v. Phillips,* 374 F. App'x 86, 89 (2d Cir. 2010); *see also United Airlines, Inc. v. Brien*, 588 F.3d 158, 177 (2d Cir. 2009) ("The agency's grounds for the Rule 60(b)(6) motion - which essentially boil down to a claim that the decision was wrong - are not sufficiently extraordinary to justify reopening a closed case...."). The Court explained the basis for its factual conclusions in detail in the September 20th Decision and Order. Plaintiff's disagreement with those conclusions is not a basis for relief under Rule 60(b)(6).

Finally, the Court notes that plaintiff has included in his motion to vacate a request that he be permitted to amend his complaint. That request is denied. "[O]nce judgment is entered the filing of an amended complaint is not permissible until the judgment is set aside or vacated pursuant to Fed.R.Civ.P. 59(e) or 60(b)." *Nat'l Petrochemical Co. of Iran v. M/T Stolt Sheaf*, 930 F.2d 240, 244-45 (2d Cir. 1991) (internal quotation omitted). In this case, for the reasons set forth above, the Court has determined that there is no basis to set aside or vacate the Judgment. Therefore, "it would be contradictory to entertain a motion to amend the complaint." *Id*.

**III. Conclusion**

For the reasons set forth above, plaintiff's motion to vacate the September 20, 2017 Decision and Order and the Judgment (Docket

No. 225) is denied.  Plaintiff's request to amend his complaint is also denied.

**ALL OF THE ABOVE IS SO ORDERED.**

S/Michael A. Telesca

_____
      MICHAEL A. TELESCA
    United States District Judge

Dated:    March 9, 2018
          Rochester, New York